LAZARUS & LAZARUS, P.C.

COUNSELLORS AT LAW

240 MADISON AVENUE 8ᵀᴴ FL.  
NEW YORK, N.Y. 10016

TEL: 212-889-7400  
FAX: 212-684-0314

May 3, 2017

<u>Via ECF</u>
Honorable Paul A. Crotty, USDJ
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    Jiangsu High Hope Corporation, et al. v. Parigi Group Ltd., et al.
             Civil Action No.: 17-cv-1570 (PAC)

Dear Judge Crotty:

We are counsel to defendants Parigi Group Ltd., Parigi Enterprises-Retail, LLC, Parigi MMS Holdings LLC, PRG Nouveau, LLC, and Morris Srour, (collectively "Defendants") in the above-captioned action ("Action"). We write pursuant to Your Honor's Individual Rules to request a pre-motion conference in connection with Defendants' request for an Order dismissing Plaintiffs' Jiangsu High Hope Corporation ("High Hope") and Hangzhou A&C (Hong Kong) International Limited ("Hangzhou") (collectively "Plaintiffs") Complaint filed on March 2, 2017 ("Complaint") pursuant to FRCP 12(b)(6) for failure to properly state a claim on which relief may be granted and in the alternative severing Plaintiffs' claims due to the misjoinder of parties.

The Complaint fails to meet the minimal federal pleading requirements. Each cause of action is brought on behalf of both Plaintiffs against all Defendants. Plaintiffs fail to specify which entity or entities engaged in the alleged wrongdoing. Plaintiffs' conclusory claims and formulaic recitation of the elements of each cause of action are insufficient to survive a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677–78 (2009).

    I.    Breach of Contract

The Complaint and every cause of action therein is based on the conclusory claim that Parigi entered into "valid contractual agreements" with Plaintiffs for the sale of goods. (Complaint ¶11). Here "plaintiff[s] failed to meet the most minimal pleading requirements." Hardin v. DuPont Scandinavia (ARA-JET), 731 F. Supp. 1202, 1205 (SDNY 1990). Plaintiffs fail to identify the specific parties to the alleged contract, "where the contract was made, the substance of the contract...or any other details that might put the defendants on notice of the claim" Id.

II. Unjust Enrichment and Quantum Meruit

Plaintiffs' claims for both unjust enrichment and quantum meruit should be dismissed as the claims merely recite the general elements of each cause of action and are duplicative of the unsuccessful breach of contract claim. *See* Royal Host Realty, LLC v. 793 Ninth Ave. Realty, LLC, 192 F. Supp. 3d 348, 357 (SDNY 2016).

III. Promissory Estoppel and Conversion

Similarly, Plaintiffs' claims for promissory estoppel and conversion are merely recharacterizations of Plaintiffs' breach of contract claim. Plaintiffs fail to allege any promises made by Defendants, other than that Defendants would pay for the goods in the contract, which Plaintiffs detrimentally relied on. "A party may not defeat a motion to dismiss a contract claim, however, by recasting the claim as one for promissory estoppel." Cohen v. Avanade, Inc., 874 F. Supp. 2d 315, 322 (SDNY 2012). The conversion claim fails for the same reason. Plaintiffs claim that Defendants converted the goods allegedly covered by contracts. *See* Gym Door Repairs, Inc. v. Astoria Gen. Contracting Corp., 144 A.D.3d 1093 (2nd Dept. 2016).

IV. Fraudulent/Negligent Misrepresentation

Plaintiffs fail to meet the heightened pleading requirements set forth in FRCP 9(b). Instead, Plaintiffs generally allege that Defendants represented that they would pay for the goods pursuant to the contractual agreements. (Complaint ¶ 47). To satisfy Rule 9(b), a plaintiff:

"must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC, 2 F. Supp. 3d 550, 556 (SDNY 2014),

Here, the Complaint plainly fails to meet the specifications set forth above. The Second Circuit "has repeatedly held that New York law does not permit an action for fraud where the plaintiff alleges only that defendant entered into a contract with no intention of performing." United Res. Recovery Corp. v. Ramko Venture Mgmt., Inc., 584 F. Supp. 2d 645, 659–60 (SDNY 2008).

V. Pierce the Corporate Veil/Attorney's Fees Under the United Nations Convention on Contracts for the International Sale of Goods ("CISG")

Piecing the corporate veil is not an independent cause of action. RTC Mortg. Trust 1995-S/N1 v. Sopher, 171 F. Supp. 2d 192, 202–03 (SDNY 2001). Plaintiffs' conclusory allegations that Mr. Srour exercised complete dominion over Parigi are insufficient and thus the claims against Mr. Srour should be dismissed. In addition, New York courts have held that attorney's fees are not recoverable under CISG. Quanzhou Joerga Fashion Co. v. Brooks Fitch Apparel Grp., LLC, 2011 WL 4063344, at *10 (SDNY 2011).

VI. Misjoinder of Plaintiffs

Finally, at minimum, High Hope and Hangzhou's claims should be severed. Plaintiffs fail, pursuant to FRCP 20, to claim any right to relief jointly, severally, or arising out of the same transaction. Plaintiffs allege breaches of different contracts on different invoices, for different goods, delivered on different dates. Plaintiffs have thus failed to provide any basis for why the Complaint should be brought jointly by both plaintiffs and Plaintiffs' claims should be severed.

Respectfully Submitted,

By: _____
Harlan M. Lazarus, Esq.
240 Madison Avenue, 8th Flr.
New York, NY 10016