

575 Lexington Avenue
Suite 4085
New York, NY 10022

📞 212-971-9773
📱 646-379-7703
📠 866-839-4306
✉ tma@youngandma.com

May 8, 2017

**VIA ECF AND REGULAR MAIL**
Honorable Paul A. Crotty, USDJ
United States District Court
 Southern District of New York
500 Pearl Street, Room 1350
New York, NY 10007

Re:   *Jiangsu High Hope Corporation, et al. v. Parigi Group Ltd., et al.*
       **Civil Action No. 17 CV 1570 (PAC)**

Dear Judge Crotty,

We represent Jiangsu High Hope Corporation and Hangzhou A & C (Hong Kong) International Limited in the above-referenced matter. We write in response to Defendants' pre-motion letter dated May 3, 2017. While Plaintiffs are amenable to amendment under Rule 15(a) of the Federal Rules of Civil Procedure, there are several issues concerning this mostly generic international goods dispute that must be brought to the Court's attention.

Defendants' request the identification of specific parties that may have contractual obligations to Plaintiffs. However, Defendants, in its various forms and names, have a plethora of actions before New York federal and state courts concerning the same facts and claims. *See Global Pro Limited v. Parigi Group LTD, et al.,* 16-cv-08848 (AKH); *Weifeng Weizhen Garments Co., Ltd. v. Parigi Enterprises-Wholesale LLC,* New York Supreme Court, New York County, Case No. 651013/2016; *Guangzhou Honhu Enterprises Management Ltd. v. Parigi Group Ltd, et al.*, New York Supreme Court, New York County, Case No. 651488/2016. All of these referenced actions are defended by the same firm as in this action. Plaintiffs are concerned as to the sufficiency of funds of Defendants' entities and the individual Defendant who has entered into various agreements through different Parigi entities and/or individually. In sending a demand letter pre-litigation, Plaintiffs' counsel discovered that the main business address of the

Parigi entities is not active. Therefore, Plaintiffs' should not guess which Defendant entity may have sufficient funds to cover liability. Plaintiffs do not find that Defendants are prejudiced by having all Parigi entities named as there will only be one settlement and/or judgment and as long as the proprietor (i.e. Morris Srour) intends to finally respect his obligations, the other Parigi entities would not ultimately suffer any additional liability by remaining parties in this action.

With respect to the quasi-contract claims, Rule 8 of the Federal Rules of Civil Procedure is construed so as to permit plaintiffs to sue on a contract and seek recovery on a quasi-contract claim. *Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F. Supp. 234, 237 (S.D.N.Y. 1992). Applying this well-settled principle in *Newman & Schwartz v. Aspludh Tree Expert Co.*, 102 F.2d 660 (2d Cir. 1996), the Second Circuit reversed the grant of a motion to dismiss claims for quantum meruit and unjust enrichment, reasoning that the quasi-contract claims "were properly pleaded as such in the alternative to the contractual claim[.]" *Id.* at 663. In this case especially, we should allow alternative contract and quasi-contract claims to proceed because the claims apply to different transactions. Plaintiffs has alleged that certain transactions were subject to a settlement agreement while others have purchase orders and/or invoice numbers and have not been settled.

With respect to the misrepresentation claim, Plaintiffs will be able to show "misrepresentation of a material fact, falsity, scienter, reliance, and injury." *RBE N. Funding, Inc. v. Stone Mountain Holdings, LLC,* 911 N.Y.S.2d 115, 116 (N.Y. App. Div. 2010). Without stating the law of each element which is very familiar to this Court, Plaintiffs again refer to the plethora of actions against the same Defendants for the very same conduct which will allow Plaintiffs to surpass the FRCP Rule 9(b) pleading standard.

Plaintiffs object to Defendants' misjoinder allegation because consolidation is appropriate when, as here, actions involve common questions of law or fact. Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Under Rule 42, courts have broad discretion whether to consolidate, and courts consider whether judicial economy favors consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). Defendants have flooded multiple New York federal and state courtrooms with its bad international conduct of defrauding companies. All these actions are defended by the same firm. There is no reason to further flood more chambers with the same lawsuit against Defendants. Had the two Plaintiffs bought their claims separately, they would have a strong basis for consolidation. Therefore, the Plaintiffs should remain joined.

Plaintiffs propose that given your Honor and the Court's familiarity and expertise with these claims, the Court can decide which portions of Plaintiffs' Complaint must be amended just based on Defendants' May 3, 2017 pre-motion letter and this letter response. Plaintiffs are highly concerned about possible delinquency, bankruptcy, ability to pay and further dilatory tactics by Defendants and extensive motion practice only allows Defendants to make business decisions designed to avoid payment as more time passes. Therefore, Defendants' pre-motion request should be denied and the Court should hold a conference or rule on these letters as to what Plaintiffs must amend to move the matter quickly to discovery.

Thank you for your time and consideration.

Respectfully submitted,

*Tiffany Ma*

Tiffany Ma

cc: Harlan M. Lazarus, Esq. (via ECF)
     Walker G. Harman, Jr., Esq. (via ECF)